# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 555 MAL 2024 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Unpublished** |
| v. | : | **Memorandum and Order** of the |
| | : | Superior Court at No. 961 MDA |
| | : | 2023 entered on October 7, 2024, |
| MICHAEL L. SANSONE, | : | **affirming** the PCRA Order of the |
| | : | Luzerne County Court of Common |
| Petitioner | : | Pleas at No. CP-40-CR-0002413- |
| | : | 2016 entered on June 28, 2023 |

## ORDER

**PER CURIAM**                                                   **DECIDED: March 18, 2025**

**AND NOW**, this 18th day of March, 2025, Petition for Allowance of Appeal is **GRANTED**. Further, the decision of the Superior Court is **VACATED** and the case is **REMANDED** for the Superior Court to reassess Petitioner's ineffectiveness claim. See, *Commonwealth v. Maconeghy,* 171 A.3d 707, 713, 715 (Pa. 2017) (holding "that expert testimony opining that a child has been sexually abused—which is predicated on witness accounts and not physical findings—is inadmissible" and acknowledging "no material distinction between direct vouching (e.g., "I believe the complainant is telling the truth') and indirect vouching (e.g., 'I conclude that the complainant was sexually assaulted based upon the history she related.'")).